**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| OPEOLUWA ADIGUN, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:10-CR-0202-RWS-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:15-CV-2663-RWS-RGV |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Opeoluwa Adigun's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, [Doc. 366], the government's response, [Doc. 370], and Adigun's motion for appointment of new counsel, [Doc. 382], in which Adigun complains that Elizabeth Vila Rogan ("Rogan"), the attorney appointed to represent her at the December 1, 2015, evidentiary hearing, has refused to file a post-hearing brief. Rogan responds that, after reviewing the hearing transcript and researching any applicable authority, she "decided that there were no non-frivolous issues to raise on behalf of [Adigun]" and asks the Court to rule on the § 2255 motion based on the evidence presented at the hearing. [Doc. 383 ¶¶ 2, 6]. The Court finds that the record before the Court is sufficient to resolve the issues presented and that

post-hearing briefs are unnecessary. Accordingly, Adigun's motion for appointment of new counsel, [Doc. 382], is **DENIED**. Additionally, having considered the motion and the evidence presented at the evidentiary hearing, the undersigned **RECOMMENDS** that Adigun's § 2255 motion be **DENIED**.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a forty-six count indictment against Adigun and co-defendant Chukwuka Onyekaba, charging Adigun with one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2) (Count One); seven counts of access device fraud, in violation of § 1029(a)(2), (3), (5) (Counts Two through Seven and Fifteen); ten counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts Eight through Twelve, Sixteen, and Twenty-Three through Twenty-Six); eight counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts Thirteen through Fourteen and Seventeen through Twenty-Two); one count of immigration fraud, in violation of 18 U.S.C. § 1546(a) (Count Twenty-Seven); one count of Social Security fraud, in violation of 42 U.S.C. § 408(a)(6) (Count Twenty-Eight); and one count of passport fraud, in violation of 18 U.S.C. § 1542 (Count Twenty-Nine). [Doc. 1]. Adigun pleaded not guilty, [Doc. 10], and proceeded to a nine-day jury trial represented by

Whitman Matthew Dodge ("Dodge") and Stephen Patrick Johnson ("Johnson") of the Federal Public Defender Program, Inc., [Docs. 237, 246-48, 250-3, 256, 313-19, 321-22]. The jury found Adigun guilty of all twenty-nine counts. [Doc. 259]. The Court imposed a total sentence of one hundred months of imprisonment. [Doc. 281].

Adigun, still represented by Dodge, appealed, arguing that the district court erred in (1) denying the motion to suppress evidence obtained during a warrantless search of Adigun's vehicle and (2) calculating the loss amounts. Br. of Appellant at 19-48, United States v. Adigun, 567 F. App'x 708 (11th Cir 2014) (No. 12-15235). The United States Court of Appeals for the Eleventh Circuit summarized the evidence presented at trial as follows:

> . . . [D]efendants, a romantic couple with children together, utilized Adigun's position as a letter carrier with the U.S. Postal Service to intercept mail sent by financial institutions and intended for individuals on her mail route. After using these individuals' identities to open financial accounts in said individuals' names, the defendants would typically transfer the funds to other accounts and then use those funds to purchase gasoline, electronics, gift cards, and other items.
>
> The government also introduced evidence that Adigun had stolen the identity of another Nigerian woman, Mary Afolabi, and had used that identification information to enter the United States, apply for and obtain naturalization, obtain a job as a postal worker, and open financial accounts.

United States v. Adigun, 567 F. App'x 708, 710 (11th Cir.), cert. denied, 135 S. Ct. 503 (2014). On May 23, 2014, the Eleventh Circuit affirmed Adigun's convictions and sentences, id. at 719, and the United States Supreme Court denied Adigun's petition for a writ of certiorari on November 10, 2014, Adigun v. United States, 135 S. Ct. 503 (2014).

Adigun timely filed this pro se § 2255 motion, arguing that: (1) she received ineffective assistance of counsel when counsel (a) failed to object to the two-point enhancement for an abuse of position of trust under U.S.S.G. § 3B1.3, (b) represented her "on immigration issues . . . charged in the case" because "counsel is not an immigration lawyer," (c) advised and/or refused to allow her to testify at trial, (d) failed to investigate the loss amount and number of victims, and (e) failed to file a written motion for a downward departure based on five grounds; and (2) the government engaged in prosecutorial misconduct by (a) failing to "properly" disclose the total loss amount and the total number of victims, (b) "bringing up immigration charges" without Adigun having the "assistance of experienced, li[censed], and knowledgeable immigration counsel," (c) charging her with aggravated identity theft when it failed to present evidence at trial that she used "someone else['s] information or credit card in relation to felony acts," and (d) "enhancing [Adigun] [t]wo point[s]

4

for abuse of position of trust after all the proof and evidence and testimony by a special agent" that showed there was no evidence of such an abuse. [Doc. 366 at 12-18]. The government responds that all but one of Adigun's ineffective assistance of counsel claims lack merit, that her prosecutorial misconduct claims are both procedurally defaulted and lack merit, and that Adigun's remaining claim that counsel provided her ineffective assistance by violating her right to testify warrants an evidentiary hearing. [Doc. 370 at 1-2, 11-25]. The undersigned appointed counsel to represent Adigun, [Doc. 371], and conducted an evidentiary hearing to address ground (1)(c) only, [Docs. 375, 381].

## II. DISCUSSION

### A.   General Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted).

5

**B.     Ground One: Assistance of Counsel**

In ground one, Adigun alleges that she received ineffective assistance of counsel when counsel (a) failed to object to the two-point enhancement for an abuse of position of trust under U.S.S.G. § 3B1.3, (b) represented her "on immigration issues . . . charged in the case" because "counsel is not an immigration lawyer," (c) advised and/or refused to allow her to testify at trial, (d) failed to investigate the loss amount and number of victims, and (e) failed to file a written motion for a downward departure based on five grounds. [Doc. 366 at 12-16].

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's

6

performance was reasonable and adequate. . . .") (citation omitted). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden.").

Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### 1. Subsection (a): Failure to Object to § 3B1.3 Enhancement

Adigun first claims that counsel should have objected to the two-point enhancement under § 3B1.3 for abuse of a position of trust. [Doc. 366 at 12-14]. Adigun contends that she did nothing wrong and relies upon the trial testimony of a

7

Special Agent with the U.S. Postal Service Office of Inpector General, who investigated her for more than a year to determine whether she was stealing credit cards from the mail. [Id.]. Specifically, the Agent testified that Adigun passed "integrity tests" and that the cameras he had set up at her work station and in her mail truck did not catch her stealing mail. [Doc. 316 at 200-06; Doc. 317 at 8-20]. During closing argument, the government pointed out that the Agent's testimony did not conclusively prove Adigun's innocence and argued that the circumstantial evidence of her guilt was overwhelming. [Doc. 319 at 177-78]. The jury agreed and convicted Adigun on all counts. [Doc. 259].

A two-level sentencing enhancement applies when "the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. Application Note 2(A) provides that this enhancement shall apply to "[a]n employee of the United States Postal Service who engages in the theft or destruction of undelivered United States mail." Id., comment. (n. 2(a)). Evidence introduced at trial showed that Adigun used her "position as a letter carrier with the U.S. Postal Service to intercept mail sent by financial institutions and intended for individuals on her mail route" and that defendants then used those individuals' identities to "open financial

8

accounts . . ., . . . transfer the funds to other accounts and then use those funds to purchase . . . items." Adigun, 567 F. App'x at 710. Thus, the enhancement was properly applied to Adigun, and counsel's decision not to object and second-guess the jury's verdict was reasonable. Instead, counsel reasonably argued that, although the abuse of trust enhancement applied, a downward variance was warranted because the guideline range already took into account Adigun's breach of trust. [Doc. 323 at 71-72]. Accordingly, Adigun has not shown deficient performance by counsel or prejudice as to this ground.

### 2.     Subsection (b): Counsel is Not an Immigration Lawyer

Adigun next faults counsel for not being an "immigration lawyer" and for having "no knowledge" of immigration law. [Doc. 366 at 14]. In this ground, Adigun does not specify any act or omission by counsel that constitutes deficient performance and does not allege any prejudice she suffered due to counsel's lack of knowledge of immigration law. "Conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (citation omitted). Accordingly, Adigun has failed to demonstrate deficient performance or prejudice as to this ground.

9

### 3.     Subsection (c): Adigun's Right to Testify

In this ground, Adigun "asserts that her trial counsel was ineffective for advising her not to testify trial" and telling her that, if she did, she would "be charged for obstruction of justice based on the name given to her by the Government." [Doc. 366 at 14]. The Court found that an evidentiary hearing was necessary with respect to this claim, [Doc. 375], and the hearing was held on December 1, 2015. [Doc. 381].

#### i.     Summary of Relevant Evidentiary Hearing Testimony

Dodge testified at the evidentiary hearing that he discussed with Adigun that she could testify in her own behalf "probably two or three times in-depth." [Doc. 381 at 5-6]. During a meeting with Doge "a couple of weeks before trial, Ms. Adigun declared unequivocally . . . that she was not interested in testifying," and when he spoke with her again during the second week of trial, she reaffirmed that decision. [Id. at 7]. Dodge advised Adigun in "great detail" of the pros and cons of testifying, as she had never been through a trial before. [Id. at 7-8]. Specifically, Dodge explained that she would be subject to cross-examination and that "there were a number of fruitful topics for cross-examination in this case." [Id. at 8]. Dodge and his co-counsel Johnson agreed that "the risks outweighed the benefits" and so advised Adigun. [Id. at 10]. Dodge "directly advised [Adigun] that her chances of winning at trial would

be better is she chose not to testify," and she "acceded to that advice." [Id. at 11]. Dodge made clear to Adigun that it was her decision. [Id. at 14]. On cross-examination, Dodge affirmed that he advised Adigun of her right to testify, of the pros and cons of testifying, and that "ultimately it was her decision whether to . . . testify." [Id. at 17]. Adigun "chose not to testify." [Id.].

Adigun testified that Dodge spoke with her at least twice about testifying at trial and that he advised her not to testify because he did not think the jury would believe her. [Id. at 26-27, 36]. Adigun believed that it was her decision to make, but relied on her attorney's advice. [Id. at 36]. On cross-examination, Adigun acknowledged that Dodge told her she had the right to testify and that she ultimately decided not to testify based on his advice. [Id. at 37].

### ii.   Analysis

"[A] criminal defendant has a *fundamental* constitutional right to testify in his or her own behalf at trial. This right is personal to the defendant and cannot be waived either by the trial court or by defense counsel." United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc). "While counsel has the responsibility to advise the defendant regarding his right to testify and the strategic implications of the choice, the defendant retains the ultimate decision." Lopez v. United States, 522 F. App'x

11

684, 686 (11th Cir. 2013) (per curiam) (citing Teague, 953 F.2d at 1532-33). Counsel is effective in advising a criminal defendant of this right, when counsel advises the defendant "(1) of his right to testify or not testify; (2) of the strategic implications of each choice; and (3) that it is ultimately for the defendant himself to decide whether to testify." Reynolds v. United States, 233 F. App'x 904, 905 (11th Cir. 2007) (per curiam) (citation omitted).

Adigun does not dispute that Dodge advised her of the right to testify, of the pros and cons of each choice, and that it was ultimately her decision. [Doc. 381 at 5-8, 10-11, 14, 17, 26-27, 36-37]. Adigun admits that she understood that it was her decision to make and that she decided not to testify based on Dodge's advice. [Id. at 36-37]. Accordingly, Adigun has not met her "heavy burden of showing that [Dodge's] performance was constitutionally deficient," and this Court "need not address the second prong, prejudice." Reynolds, 233 F. App'x at 905.

### 4. Subsection (d): Loss Amount and Number of Victims

Adigun also maintains that "counsel was ineffective for failing to investigate the actual amount [of] loss and the total number of victims in this case." [Doc 366 at 15]. According to Adigun, "there is no physical evidence of the number of those victims"

and "the actual money loss given by the government is not backed by any written proof." [Id.].

During Adigun's sentencing hearing, counsel objected to the loss amount and number of victims. [Doc. 323 at 2-3, 7-12, 29-33, 40-41]. The Court overruled counsel's objections, [id. at 38-39, 41], and the Eleventh Circuit affirmed the Court's loss amount calculations, Adigun, 567 F. App'x at 717-19. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." Chandler, 218 F.3d at 1314. Adigun does not specify what more counsel should have done or allege what other facts existed that would have reduced the Court's findings regarding the loss amount and number of victims, and as previously noted, "[c]onclusory allegations of ineffective assistance are insufficient." Wilson, 962 F.2d at 998. Accordingly, Adigun has failed to demonstrate deficient performance or prejudice as to this ground.

### 5. Subsection (e): Motion for a Downward Departure

Finally, Adigun contends that counsel should have filed a written motion seeking a downward departure based on her being a "first time offender," having four United States citizen children, bing a "full time student" at Clayton State University

13

trying to get a nursing degree, playing "a significant role in the community and her church," and having "no knowledge of the crime." [Doc. 366 at 15-16].

Counsel asserted, in a sentencing memorandum and during the sentencing hearing, that Adigun did not begin committing crimes until she met Onyekaba, that her criminal activity ended with her arrest in March of 2010, and that she has since behaved lawfully. [Doc. 276 at 13-14; Doc. 323 at 72-73, 75-76]. Counsel argued that these facts warrant a downward variance and that her sentence should not be more severe than Onyekaba, who was the driving force behind the crimes. [Doc. 276 at 14-17; Doc. 323 at 73, 77-78]. Additionally, counsel addressed Adigun's family situation both in the sentencing memorandum, [Doc. 276 at 18-20], and during the sentencing hearing, stressing the impact of Adigun's and Onyekaba's incarceration and subsequent deportation on their four young children, who are United States citizens, [Doc. 323 at 78-79]. Onyekaba's counsel also raised this issue at sentencing. [Id. at 84-86]. The Court fully considered the defendants' family situation, noting its great concern for the children, but recognized that it might not be in the children's best interests to live with the defendants and have them as role models. [Id. at 93-95]. As to Adigun's status as a nursing student and role in the community and her church, the Sentencing Guidelines provide that neither "[e]ducation and vocational skills" nor

14

"[c]ivic, charitable, or public service[,] employment-related contributions[,] and similar prior good works" are "ordinarily relevant in determining whether a departure is warranted." U.S.S.G. §§ 5H1.2, 5H1.11. Lastly, given the jury's guilty verdict, it would not have been reasonable for counsel to argue that Adigun had "no knowledge of the crime." Accordingly, Adigun has failed to show that counsel performed deficiently in seeking a downward variance at sentencing or that she suffered any prejudice due to counsel's reasonable choices in how he presented the request for a downward departure. Therefore, Adigun is not entitled to relief on this ground.

## C.     Procedural Default of Ground Two

Adigun did not raise ground two, in which she alleges prosecutorial misconduct, on direct appeal. A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent (1) a showing of cause for the default and actual prejudice or (2) a showing of actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . ." or that the matter was not raised because of ineffective assistance of counsel. Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). A movant may also

15

establish cause for the procedural default if he can show "that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel."[1]  Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (internal quotation marks and citation omitted); see also United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (holding that only a meritorious ineffective assistance of counsel claim may constitute cause).  If a movant shows cause, he must also show prejudice, i.e., that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (citation omitted).  To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." McKay, 657 F.3d at 1196 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)).  However, Adigun has not alleged cause and resulting prejudice to excuse the procedural default.  Additionally, Adigun presents no new evidence to meet the actual innocence exception.  Thus, ground two is procedurally barred.

---

[1] Although Adigun has alleged that counsel was ineffective at trial and sentencing and those grounds are without merit for the reasons discussed in section II.B., she has not alleged that counsel was ineffective on direct appeal. See [Doc. 366].

16

## III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Adigun's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that she be denied a COA.

AO 72A
(Rev.8/82)

## IV.  CONCLUSION

For the foregoing reasons, Adigun's motion for appointment of new counsel, [Doc. 382], is **DENIED**, and **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 366], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 17th day of March, 2016.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE